UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Gary S. Berghofer                    Sean F. Cox
                                            United States District Court Judge

                                            Miscellaneous Case No. 16-51592

_____/

**ORDER DENYING
MOTION FOR EXPUNGEMENT**

On October 31, 2016, Gary Berghofer ("Berghofer") initiated this Miscellaneous case in

federal court by filing a *pro se* letter, wherein he asks this Court to expunge his criminal

conviction from Criminal Case No. 71-46186. This Court ordered the Government to file a

response and the Government filed a response opposing the motion. The Court finds that oral

argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court,

Eastern District of Michigan. As explained below, this Court lacks jurisdiction to expunge

Berghofer's criminal conviction and therefore ORDERS that Berghofer's request is DENIED.

**BACKGROUND**

Due to the age of the case at issue, records for Criminal Case No. 71-46186 are not

available on the Court's electronic filing system. Papers attached to Berghofer's letter, however,

appear to indicate that, in that criminal action, Berghofer pleaded guilty to a drug offense and

was sentenced to one year imprisonment.

Berghofer now asks this Court to expunge his criminal conviction because the conviction

is impeding his ability to find employment. Berghofer has provided no legal authority for his

requested relief.

1

Nevertheless, this Court ordered the Government to file a response to Berghofer's motion. The Government filed its response on December 28, 2016, asserting that this Court lacks jurisdiction to grant the relief requested by Berghofer.

## ANALYSIS

As courts of limited jurisdiction, federal courts possess only those powers authorized by the Constitution and federal statutes and may not expand such powers by judicial decree. *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In *Lucido,* the Sixth Circuit identified three possible circumstances in which a federal court could have jurisdiction to expunge a criminal conviction: 1) when the court has original jurisdiction under 18 U.S.C. § 3231; 2) if a statute authorizes expungement of the conviction under the circumstances; or 3) if the court has authority under its ancillary jurisdiction. *Lucido*, 612 F.3d at 873. None of those circumstances exist here.

First, although the judge that presided over Berghofer's 1971 criminal case had original jurisdiction over that case pursuant to 18 U.S.C. § 3231, that jurisdiction ended long ago, when the final judgment was entered and the case was closed.

Second, this Court lacks jurisdiction because there is no statutory authority that authorizes expungement under these circumstances, and Berghofer fails to identify any.

Third, ancillary jurisdiction is also lacking because Berghofer's criminal case was resolved more than four decades ago and there is no allegation that Berghofer's arrest or conviction was invalid or illegal.

## CONCLUSION & ORDER

Accordingly, this Court lacks jurisdiction to grant the relief requested by Berghofer.

2

That is, this Court lacks the authority to expunge Berghofer's criminal conviction. The Court

therefore ORDERS that Berghofer's request is DENIED.

        IT IS SO ORDERED.

Dated:  January 9, 2017                   S/ Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge

I hereby certify that on January 9, 2017, the foregoing document was served on counsel of record via electronic means and upon Gary S. Berghofer via First Class mail at the address below:

Gary S. Berghofer
25736 Aysen Dr.
Punta Gorda, FL 33983

                                            S/ J. McCoy
                                          Case Manager